# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT T. FORTE, | CASE NO: 1:11-cv-00790-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE REGARDING THREE STRIKES AND RULE 11(b)(3) SANCTION |
| v. | |
| MATTHEW CATE, et al., | (Doc. 1) |
| Defendants. | |

**I.    Procedural History**

Robert T. Forte ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. On May 16, 2011, Plaintiff filed his original complaint. (Doc. 1).

**II.    Three Strikes**

A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit reveals that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g).[1] Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that Plaintiff has two prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983. Those cases are: *Forte v. Dept of Corr & Rehab Inmate Appeals Branch, et al.*, 2:09-cv-03713-UA-AJW (C.D. Cal.) (dismissed July 14, 2009, for failure to state a claim) and *Forte v. Dept of Corrections & Rehabilitation, et al.*, 2:10-cv-00575-UA-AJW (C.D. Cal.) (dismissed March 23, 2010, for failure to state a claim).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g). However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it counts as a strike. *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when a trial court denies request to file an action without prepayment of the filing fee on the ground that complaint is frivolous and then subsequently terminates the complaint). Moreover, section 1915(e)(2) requires appellate courts to dismiss all appeals that are frivolous, malicious or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007).

The Court takes judicial notice of the following appellate case: *Forte v. Barber, et al.*, No. 10-55684 (9th Cir.) (dismissed June 28, 2010). In *Forte v. Barber*, the Ninth Circuit found that the appeal was frivolous and denied Plaintiff's request to proceed in forma pauperis. *Forte v. Barber,*

---

[1] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

*et al.*, No. 10-55684 (order dated May 27, 2010). Since Plaintiff did not pay the required filing fee, the appeal was dismissed for failure to prosecute. *Forte v. Barber, et al.*, No. 10-55684 (9th Cir.) (dismissed June 28, 2010). Accordingly, the Court finds that appellate case *Forte v. Barber* counts as a strike.

It appears to the Court that Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff filed this action on May 16, 2011. Therefore, the Court finds that Plaintiff should be precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed, under imminent danger of serious physical injury.

**III. Rule 11(b)**

It appears that Plaintiff falsely states in his complaint that he has only one previous or pending lawsuit in addition to this case when, in fact, Plaintiff has filed actions in 2008, 2009 and 2010. Rule 11(b)(3) of the Federal Rules of Civil Procedure states:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an . . . unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b)(3).

Plaintiff has filed six other civil suits.[2] Plaintiff's failure to provide information about previous lawsuits interferes with the court's efforts to conserve judicial resources by preventing the proliferation of vexatious litigation. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995) (dismissal sanction warranted when deliberate deception undermines integrity of judicial proceedings); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

---

[2] Plaintiff has filed the following actions: 1) *Forte v. Dept of Corr & Rehab Inmate Appeals Branch, et al.*, 2:09-cv-03713-UA-AJW (dismissed July 14, 2009); 2) *Forte v. Dept of Corrections & Rehabilitation, et al.*, 2:10-cv-02206-UA-AJW (dismissed April 7, 2010); 3) *Forte v. San Diego County Sheriff, et al.*, 3:08-cv-01073-BEN-JMA (dismissed September 12, 2008); 4) *Forte v. Dept of Corr & Rehab Inmate Appeals Branch, et al.*, 2:09-cv-08229-UA-AJW (dismissed December 29, 2009); 5) *Forte v. Dept of Corrections & Rehabilitation, et al.*, 2:10-cv-00575-UA-AJW (dismissed March 23, 2010); and 6) *Forte v. Dept of Corrections, et al.*, 2:10-cv-08529-UA-AJW (dismissed April 18, 2011).

It appears from Plaintiff's history of litigation that this misrepresentation of prior cases is willful and in bad faith. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995). As Plaintiff is seeking to proceed in forma pauperis, the Court finds that monetary sanctions would be inappropriate and that instead the appropriate sanction for violating Rule 11(b)(3) is to dismiss the case without prejudice. *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995); *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir.1994).

**IV. Conclusion**

Because it appears that the Plaintiff has on three prior occasions brought civil actions and appeals that have been dismissed as frivolous or for failure to state a claim and it appears that Plaintiff has violated Rule 11(b)(3) of the Federal Rules of Civil Procedure, the Court HEREBY ORDERS:

1. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the abovementioned actions and appeal do not count as "strikes" under 28 U.S.C. § 1915(g) and why the action should not be dismissed without prejudice to allow Plaintiff to refile with the submission of the $350.00 filing fee.

2. Plaintiff SHALL SHOW CAUSE within thirty (30) days of the date of service of this order why the false statement of prior litigation in Plaintiff's complaint does not violate Rule 11(b)(3) of the Federal Rules of Civil Procedure and why this action should not be dismissed without prejudice as the appropriate sanction for violating Rule 11(b)(3).

IT IS SO ORDERED.

Dated:    May 23, 2011

UNITED STATES MAGISTRATE JUDGE