# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT T. FORTE,                                    CASE NO: 1:11-cv-00790-LJO-GBC (PC)

          Plaintiff,                          ORDER DENYING PLAINTIFF MOTION TO
PROCEED IFP PURSUANT SECTION 1915(g)
   v.                                             AND DISMISSING ACTION WITHOUT
PREJUDICE
MATTHEW CATE, et al.,
                                         (Docs. 1, 2)

         Defendants.
_____/

## I.       Procedural History

Robert T. Forte ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On May 16, 2011, Plaintiff filed his original complaint.  (Doc. 1).  On May 23, 2011, the Magistrate Judge issued an Order to Show Cause as to why Plaintiff's motion for to proceed IFP should be denied and why this case should not be dismissed without prejudice as a Rule 11(b)(3) sanction for misrepresenting Plaintiff's litigation history on his complaint.[1]  (Doc. 4).  In the Order to Show Cause, the Magistrate Judge gave Plaintiff thirty (30) days to respond.  On June 30, 2011, Plaintiff filed an untimely response to the Order to Show Cause.  (Doc. 7).

///

///

---

[1] The Court discharges Plaintiff from misrepresentation of prior litigation in light of Plaintiff's explanation that he made a mistake and caution Plaintiff to be careful to be accurate in future representations to the Court.

1

## II.    Three Strikes

A review of the record of actions and appeals filed by Plaintiff in the United States District Court and in the Ninth Circuit reveals that Plaintiff filed three or more actions or appeals that were dismissed as frivolous, malicious or for failing to state a claim upon which relief may be granted.

Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis. Section 1915(g) provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).[2]  Determining whether Plaintiff's actions and appeals count as strikes under section 1915(g) requires the Court to conduct a "careful examination of the order dismissing an action, and other relevant information," to determine if, in fact, "the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice that Plaintiff has two prior actions dismissed for being frivolous or for failing to state a claim for which relief can be granted under section 1983.  Those cases are: *Forte v. Dept of Corr & Rehab Inmate Appeals Branch, et al.*, 2:09-cv-03713-UA-AJW (C.D. Cal.) (dismissed July 14, 2009, for failure to state a claim) and *Forte v. Dept of Corrections & Rehabilitation, et al.*, 2:10-cv-00575-UA-AJW (C.D. Cal.) (dismissed March 23, 2010, for failure to state a claim).

Generally, a dismissal for failure to prosecute does not fall within the plain language of Section 1915(g).  However, a court is to carefully evaluate the substance of the dismissal and where the merits of the claim have been determined to be frivolous or malicious, it counts as a strike.  *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *see also O'Neal v. Price*, 531 F.3d 1146, 1152-53 (9th Cir. 2008) (interpreting the term "dismissed" under section 1915(g) to include when

---

[2] "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or fail[ ] to state a claim' are generically referred to as 'strikes.' Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed [in forma pauperis]." *Andrews v. King*, 398 F.3d 1113, 1116 n.1(9th Cir. 2005).

1  a trial court denies request to file an action without prepayment of the filing fee on the ground that

2  complaint is frivolous and then subsequently terminates the complaint).   Moreover, section

3  1915(e)(2) requires appellate courts to dismiss all appeals that are frivolous, malicious or fails to

4  state a claim on which relief may be granted.  28 U.S.C. 1915(e)(2); *see also O'Neal v. Price*, 531

5  F.3d 1146, 1153 (9th Cir. 2008); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C.

6  Cir. 2007).

7  　　The Court takes judicial notice of the following appellate case: *Forte v. Barber, et al.*, No.

8  10-55684 (9th Cir.) (dismissed June 28, 2010).  In *Forte v. Barber*, the Ninth Circuit found that the

9  appeal was frivolous and denied Plaintiff's request to proceed in forma pauperis.  *Forte v. Barber,*

10  *et al.*, No. 10-55684 (order dated May 27, 2010).  Since Plaintiff did not pay the required filing fee,

11  the appeal was dismissed for failure to prosecute.  *Forte v. Barber, et al.*, No. 10-55684 (9th Cir.)

12  (dismissed June 28, 2010).  Accordingly, the Court finds that appellate case *Forte v. Barber* counts

13  as a strike.

14  　　Plaintiff has three or more strikes and became subject to section 1915(g) well before Plaintiff

15  filed this action on May 16, 2011.[3]  Therefore, the Court finds that Plaintiff should be precluded from

16  proceeding in forma pauperis since, at the time the complaint is filed, Plaintiff has not demonstrated

17  that he was under imminent danger of serious physical injury.  Moreover, the Court finds that

18  Plaintiff's action should be dismissed to allow Plaintiff to refile with full payment of the filing fee.

19  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding that denial of in forma

20  pauperis status under § 1915(g) mandated dismissal since a prisoner must pay the filing fee at the

21  time of initiating the suit).

22  ///

23  ///

24

25  　　[3] In Plaintiff's untimely response to the Order to Show Cause, Plaintiff attempts to argue that the cases were

26  incorrectly dismissed and that they were really the same case but that he was prevented from seeking redress since
   his cases were hastily dismissed.  (Doc. 7).  Plaintiff cannot circumvent the three-strikes rule by collaterally attacking

27  unfavorable rulings rendered against him in previous § 1983 actions.  *See Henderson v. Lampert*, 396 F.3d 1049,
   1055 (9th Cir. 2005) (rejecting attempt to collaterally attack an unappealed final order); *Mitchell v. City of Los*

28  *Angeles*, 753 F.2d 86, 86 (9th Cir. 1984); *c.f. U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 27
   (1994); *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007).

**III. Conclusion**

Because Plaintiff has on three prior occasions brought civil actions that have been dismissed as frivolous or for failure to state a claim, the Court HEREBY ORDERS:

1.      Plaintiff's motion to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g);

2.      This action is **DISMISSED** without prejudice (Doc. 1).


IT IS SO ORDERED.

Dated:      **July 7, 2011**                                        **/s/ Lawrence J. O'Neill**
                                                              UNITED STATES DISTRICT JUDGE